## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROY JAMES,

          Plaintiff,

v.

THE UNIVERSITY OF KANSAS,

          Defendant.

Case No. 2:23-cv-2574

## COMPLAINT

Plaintiff Roy James ("James" or "Plaintiff"), for his Complaint Defendant the University of Kansas ("KU" or "the University" or "Defendant") and states and alleges as follows:

## PARTIES

1.    Plaintiff Roy James is a resident of the State of Kansas.

2.    Defendant KU is a public university located in Lawrence, Kansas.

3.    Plaintiff was employed by KU as a Security Officer from January 26, 2015, until the termination of his employment on December 2, 2022.

4.    At all times relevant herein, each of the officers, agents, and employees of Defendant identified herein were acting within the course and scope of their employment with Defendant.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the subject matter of this cause of action pursuant to 28 U.S.C. § 1331, 1337, and 1343(a)(4), as well as 42 U.S.C. § 2000e-5(f).

6.    Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.  With respect to the unlawful employment practices alleged herein, a timely Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2023.  The Charge of Discrimination was filed within 180 days of the

most recent incident of discrimination alleged therein.  A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as Exhibit A.

7.      On October 4, 2023, Plaintiff was issued his Notices of Right to Sue, authorizing him to proceed with his claims within 90 days thereafter.  True and correct copies of Plaintiff's Notices of Right to Sue are attached hereto incorporated by reference as Exhibit B.

8.      The United States District Court for the District of Kansas has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

9.      The unlawful employment practices alleged herein were committed within this jurisdiction.

10.      Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and/or can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in substantial part in this district.  Venue is also properly laid in this Court pursuant to 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

## FACTS

11.      Plaintiff Roy James was employed by Defendant KU as a Security Officer.

12.      Mr. James satisfactorily performed his duties as Security Officer until the incidents that allegedly occurred on September 18 and 19, 2022, that purportedly form the basis for the University's decision to terminate his employment.

13.      On September 22, 2022, Mr. James was diagnosed with Parkinson's Disease by Dr. Robert Beck with Lawrence Neurology Specialists.  During his visit to Dr. Beck on September 22, Mr. James was prescribed Sinemet, a drug used to treat symptoms of Parkinson's disease.  He began taking Sinemet as prescribed the same day.

14.     On October 1, 2022, Mr. James met with Detective Todd Carpenter regarding a report that he had allegedly failed to perform his job duties on September 18 and 19, 2022. During his meeting with Detective Carpenter, Mr. James explained that he had been diagnosed with Parkinson's Disease by Dr. Robert Beck with Lawrence Neurology Specialists on September 22, and that the symptoms he was experiencing related to his diagnosis had very recently begun to affect his work. After he told Detective Carpenter about his diagnosis with Parkinson's Disease, Mr. James told Detective Carpenter "you should probably tell the Chief [of Police Nelson Mosely]".

15.     On October 5, 2022, Mr. James was notified that he was being temporarily reassigned to monitor cameras pending a Human Resources Management review and determination of the investigation conducted by Detective Todd Carpenter.

16.     On October 31, 2022, Mr. James's diagnosis with Parkinson's Disease was confirmed by Dr. Robert Beck following his review of a recently completed MRI. During his visit to Dr. Beck on October 31, Mr. James explained to Dr. Beck that the Sinemet he had been prescribed by Dr. Beck was "helping a lot."

17.     In a letter dated November 10, 2022, Director, Employee Relations Katie Varner notified Mr. James that she had been advised by the Public Safety Office that they were recommending disciplinary action against him and that she was proposing to terminate his employment effective December 3, 2022.

18.     On November 21, 2022, Mr. James and his attorney spoke by phone with Director, Employee Relations Katie Varner and University General Counsel Associate Noel Fisher. During the call his attorney explained that Mr. James's symptoms related to his recent diagnosis with Parkinson's Disease had impacted him both cognitively and physically during the incidents that

allegedly occurred on September 18 and 19 that purportedly form the basis for the decision to terminate his employment. His attorney explained further that my symptoms related to Mr. James's recent diagnosis with Parkinson's Disease had also impacted him cognitively during his interview with Investigator Todd Carpenter into the events on September 18 and 19 that was conducted on October 1, 2022.

19.    During their call on November 21, Mr. James's attorney advised Ms. Varner and Mr. Fisher that there is a "reasonable basis to believe" that a "physical manifestation" of his condition was impacting his ability to perform during his work shift beginning on September 18, 2022, specifically his ability to physically move, complete the log, and respond to issues, including the water leak. His attorney advised further that while his condition impacted him the night of September 18, 2022, Mr. James now felt confident in his ability to fulfill the responsibilities of the Security Officer position without any accommodation following his treatment by Dr. Beck.

20.    In a letter dated December 1, 2022, Ms. Varner advised Mr. James that his employment would be terminated on December 3, 2022.

## COUNT ONE – DISABILITY DISCRIMINATION

21.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22.    Plaintiff was employed by Defendant.

23.    Defendant is vicariously liable for the actions of its employees and agents.

24.    Plaintiff suffers from Parkinson's Disease. He is disabled and perceived as disabled. He also has a record of impairments that may substantially limit one or more of his major life activities.

25.    Plaintiff was qualified for his position at the time Defendant and its agents took adverse employment actions against him.

26.     Defendant and its agents knew that Plaintiff suffered from a disability, was perceived as disabled, and/or had a record of impairments that may substantially limit one or more major life activities.

27.     The actions of Defendant and its agents constitute discrimination against Plaintiff on the basis of his disability, the perception that he is disabled, or his record of impairments that may substantially limit one or more major life activities in violation of the ADA.

28.     The adverse employment actions against Plaintiff occurred under circumstances raising a reasonable inference that his disability was a determining factor in Defendant's decision to both alter the terms and conditions of and to terminate Plaintiff's employment.

29.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

30.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

31.     Defendant failed to make good faith efforts to enforce its policies to prevent discrimination against its employees, including Plaintiff.

32.     Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under the civil rights laws, including the ADA.

33.     As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

34.     The conduct of Defendant was outrageous due to its evil motive and/or reckless disregard for Plaintiff's civil rights, entitling him to an award of punitive damages.

35.     Plaintiff is also entitled to recover his costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12112 *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorney's and expert witness fees provided by 42 U.S.C. § 12205; and for such other and further relief the Court deems just and proper.

## COUNT TWO – RETALIATION

36.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37.     Plaintiff was employed by Defendant.

38.     Plaintiff suffered intentional discrimination at the hands of Defendant and during the course of his employment with Defendant on the basis of his disability, the perception that he is disabled, or his record of impairments that may substantially limit one or more major life activities in violation of the ADA.

39.     Plaintiff objected to and complained about that discrimination.

40.     Plaintiff's complaints concerning the discrimination against her on the basis of his disability, the perception that he is disabled, or his record of impairments that may substantially limit one or more major life activities in violation of the ADA constitute protected activities.

41.     Because of Plaintiff's complaints, Defendant retaliated against Plaintiff.

Case 2:23-cv-02574-JAR-BGS   Document 1   Filed 12/28/23   Page 7 of 12

42.     The retaliation against Plaintiff was committed with malice or reckless disregard of his federally protected rights.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter them and other companies from engaging in similar conduct.

43.     Plaintiff's employment was terminated for reasons that constitute pretext for unlawful retaliation.

44.     As a direct and proximate result of the actions and/or inaction of Defendant, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

45.     As a further direct and proximate result of the actions and/or inaction of Defendants, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by 42 U.S.C. § 12112 *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorney's and expert witness fees provided by 42 U.S.C. § 12205; and for such other and further relief the Court deems just and proper.

## <u>COUNT THREE – AGE DISCRIMINATION</u>

46.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

47.     Plaintiff was employed by Defendant.

48.     Defendant is vicariously liable for the actions of its employees and agents.

49.     Plaintiff is 67 years of age.

50.     Defendant discriminated against Plaintiff in the terms and conditions of his employment by terminating his employment because of his age in violation of the ADEA.

51.     Plaintiff's age was a motivating and determining factor in Defendant's decision to terminate his employment.

52.     Plaintiff's employment was terminated for reasons that constitute pretext for unlawful discrimination on the basis of his age.

53.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

54.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

55.     Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

56.     Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by the ADEA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for his costs expended; for his reasonable attorney's and expert witness fees; and for such other and further relief the Court deems just and proper.

## COUNT FOUR – FMLA INTERFERENCE

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58.     While employed by Defendant, Plaintiff qualified as an eligible employee under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

59.     Plaintiff was entitled to the protections provided pursuant to the FMLA.

60.     Plaintiff in good faith exercised his rights with Defendant under the FMLA.

61.     Plaintiff in good faith requested FMLA qualifying leave from Defendant in advance of the termination of his employment.

62.     Defendant interfered with Plaintiff's exercise of his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

63.     The adverse employment actions against Plaintiff occurred under circumstances raising a reasonable inference that his exercise of his rights under the FMLA was a motivating and/or determining factor in Defendant's decision to terminate Plaintiff's employment.

64.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

65.     As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

66.     Defendant failed to make good faith efforts to enforce its policies to prevent interference with the FMLA-related rights of its employees, including Plaintiff.

67.     Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

68.     Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that Defendant interfered with Plaintiff's right to seek FMLA-related leave; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for his costs expended; for his reasonable attorney's and expert witness fees provided by 42 U.S.C. § 2617(a)(3); and for such other and further relief the Court deems just and proper.

## COUNT FIVE – FMLA RETALIATION

69.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

70.     Plaintiff was entitled to the protections provided pursuant to the FMLA.

71.     Plaintiff in good faith exercised his rights with Defendants under the FMLA.

72.     Plaintiff in good faith requested FMLA qualifying leave from Defendant in advance of the termination of his employment.

73.     Defendant retaliated against Plaintiff in the terms and conditions of his employment because of his request to utilize FMLA qualifying leave time, including in the termination of his employment in violation of 29 U.S.C. § 2615(a)(2).

74.     Plaintiff's exercise of his rights under the FMLA was a motivating and/or determining factor in Defendants' decision to terminate Plaintiff's employment.

75.     Defendant failed to make good faith efforts to enforce its policies to prevent retaliation against its employees, including Plaintiff.

76.     As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

77.    As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

78.    Defendant failed to make good faith efforts to enforce its policies to retaliation against individuals who exercise their FMLA-related rights, including Plaintiff.

79.    Defendant's conduct was willful thereby entitling Plaintiff to an equal amount as liquidated damages and other appropriate equitable relief.

80.    Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorney's fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of his Complaint, for a finding that Defendant retaliated against Plaintiff for the exercise of his rights under the FMLA; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and liquidated damages; equitable relief including reinstatement; for his costs expended; for his reasonable attorney's and expert witness fees provided by 42 U.S.C. § 2617(a)(3); and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Pursuant to D. Kan. Rule 40.2, Plaintiff hereby designates the place of trial as **Kansas City, Kansas**.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway          Kansas Bar No. 20172
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:     (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF