Received in EEOC 8-17-2023

| EEOC Charge of Discrimination | Charge Presented to: Agency(ies) Charge No(s): ___ FEPA  _X_ EEOC   563-2023-03693 |
|---|---|

State or local Agency, if any

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Roy James | (785) 342-3472 | ███████ |

| Street Address | City, State and ZIP Code |
|---|---|
| 902 E 14th Terr | Eudora, KS 66025 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The University of Kansas | More than 500 | (785) 864-4946 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1246 West Campus Road | Lawrence, KS 66045 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN

X  RETALIATION   X  AGE   X  DISABILITY  __  OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
9/18/2022            12/3/2022

X   CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**Please see summary included as Exhibit A.**

563-2023-03693

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

08 / 17 / 2023              *Roy James* (signature)

Date                Charging Party Signature

Doc ID: 2b606ac835f94d2d9c65588f2e677f6487b64886

**Exhibit A to Roy James Charge of Discrimination**

1. I charge The University of Kansas and its agents (hereinafter collectively "The University of Kansas" or "KU" or "the University") with unlawful discrimination on the basis of my disability, my perception as being disabled, and/or my record of impairments that substantially limit one or more of my major life activities, all in violation of the Americans with Disabilities Act ("ADA").[1]  I also charge KU with unlawful retaliation in violation of the ADA and discrimination on the basis of my age in violation of the Age Discrimination of Employment Act ("ADEA").

2. The University of Kansas is a public university located in Lawrence, Kansas.

3. I was employed by KU as a Security Officer from January 26, 2015, until the termination of my employment on December 2, 2022.

4. I satisfactorily performed my duties as Security Officer until the incidents that allegedly occurred on September 18 and 19, 2022, that purportedly form the basis for the University's decision to terminate my employment.

5. On September 22, 2022, I was diagnosed with Parkinson's Disease by Dr. Robert Beck with Lawrence Neurology Specialists.  During my visit to Dr. Beck on September 22, I was prescribed Sinemet, a drug used to treat symptoms of Parkinson's disease.  I began taking Sinemet as prescribed the same day.[2]

6. On October 1, 2022, I met with Detective Todd Carpenter regarding a report that I had allegedly failed to perform my job duties on September 18 and 19, 2022. During my meeting with Detective Carpenter, I explained that I had been diagnosed with Parkinson's Disease by Dr. Robert Beck with Lawrence Neurology Specialists on September 22, and that the symptoms I was

---

[1] My claims will also include claims of both Family Medical Leave Act ("FMLA")-related interference and retaliation.  The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise or attempt to exercise any right provided under the FMLA."  29 U.S.C. § 2615(a)(1).  Interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave," as well as "manipulation by a covered employer to avoid responsibilities under the FMLA."  29 C.F.R. § 825.220(b).

A prima facie case of interference requires a showing that: (1) Plaintiff was entitled to FMLA leave; (2) that an adverse action by the employer interfered with Plaintiff's right to take FMLA leave; and (3) that the employer's adverse action was related to the exercise or attempted exercise of Plaintiff's FMLA rights. *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).  "**Under this theory, if an employer interferes with an employee's FMLA-created right to a medical leave, it has violated the FMLA, regardless of intent.**"  *Id.*

[2] Individuals diagnosed with Parkinson's Disease can experience motor symptoms that may include tremors, rigidity, arrested or slowed movement, postural instability, and difficulty in walking or gait. Individuals diagnosed with Parkinson's Disease can also experience non-motor symptoms that may include thinking and related cognitive difficulties.

1

experiencing related to my diagnosis had very recently begun to affect my work. After I told Detective Carpenter about my diagnosis with Parkinson's Disease, I told Detective Carpenter "you should probably tell the Chief [of Police Nelson Mosely]".

7. On October 5, 2022, I was notified that I was being temporarily reassigned to monitor cameras pending a Human Resources Management review and determination of the investigation conducted by Detective Todd Carpenter.

8. On October 31, 2022, my diagnosis with Parkinson's Disease was confirmed by Dr. Robert Beck following his review of a recently completed MRI. During my visit to Dr. Beck on October 31, I explained to Dr. Beck that the Sinemet I had been prescribed by Dr. Beck was "helping a lot."

9. In a letter dated November 10, 2022, Director, Employee Relations Katie Varner notified me that she had been advised by the Public Safety Office that they were recommending disciplinary action against me and that she was proposing to terminate my employment effective December 3, 2022.

10. On November 21, 2022, my attorney, Lewis Galloway, and I spoke by phone with Director, Employee Relations Katie Varner and University General Counsel Associate Noel Fisher. During the call Mr. Galloway explained that my symptoms related to my recent diagnosis with Parkinson's Disease had impacted me both cognitively and physically during the incidents that allegedly occurred on September 18 and 19 that purportedly form the basis for the decision to terminate my employment. Mr. Galloway explained further that my symptoms related to my recent diagnosis with Parkinson's Disease had also impacted him cognitively during his interview with Investigator Todd Carpenter into the events on September 18 and 19 that was conducted on October 1, 2022

11. During our call on November 21, Mr. Galloway advised Ms. Varner and Mr. Fisher that there is a "reasonable basis to believe" that a "physical manifestation" of my condition was impacting my ability to perform during his work shift beginning on September 18, 2022, specifically my ability to physically move, complete the log, and respond to issues, including the water leak. Mr. Galloway advised further that while my condition impacted him the night of September 18, 2022, I now felt confident in my ability to fulfill the responsibilities of the Security Officer position without any accommodation following my treatment by Dr. Beck.

12. In a letter dated December 1, 2022, Ms. Varner advised me that my employment would be terminated on December 3, 2022.

13. The rationale provided by KU for the termination of my employment constitutes pretext for discrimination against me on the basis of my disability, my perception as being disabled, and my record of impairments that substantially limit one or

2

more of my major life activities in violation of the ADA. The rationale provided by KU for the termination of my employment also constitutes retaliation in violation of the ADA and discrimination against me on the basis of my age.

14. KU failed to engage in the interactive process required by the ADA to determine the nature of my impairments and the limitations that may have affected my ability to perform the essential job duties as a Security Officer.

15. KU failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination and retaliation against its employees.

16. KU failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws.

17. Because of this discrimination and retaliation by KU and its agents, I have suffered economic damages and from emotional distress.

18. I seek compensatory damages, punitive damages, liquidated damages, equitable relief in the form of front pay, my costs, and my reasonable attorney's fees.



Audit trail

| | |
|---|---|
| Title | 2023.8.17 Roy James Charge of Discrimination FINAL |
| File name | 2023.8.17 Roy Jam...ination FINAL.pdf |
| Document ID | 2b606ac835f94d2d9c65588f2e677f6487b64886 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**  
08 / 17 / 2023  
16:48:08 UTC  
Sent for signature to Roy James (rjames5686@gmail.com) from lewis@lglawllc.com  
IP: 104.7.75.172

**VIEWED**  
08 / 17 / 2023  
16:59:47 UTC  
Viewed by Roy James (rjames5686@gmail.com)  
IP: 172.59.231.184

**SIGNED**  
08 / 17 / 2023  
17:02:06 UTC  
Signed by Roy James (rjames5686@gmail.com)  
IP: 66.45.136.190

**COMPLETED**  
08 / 17 / 2023  
17:02:06 UTC  
The document has been completed.

Powered by Dropbox Sign