EEOC Form 161-B (01/2022)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | **Roy James**<br>902 E 14th Ter<br>Eudora, KS 66025 | From: | **Kansas City Area Office**<br>400 State Ave, Suite 905<br>Kansas City, KS 66101 |
|---|---|---|---|

| EEOC Charge No.<br>**563-2023-03693** | EEOC Representative<br>**Natascha DeGuire**<br>**Area Director** | Telephone No.<br>**913-340-8819** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.
- The EEOC is terminating its processing of this charge.

**X - Age Discrimination in Employment Act (ADEA):** *You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA* **must be filed in federal or state court WITHIN 90 DAYS** **of your receipt of this Notice.** *Otherwise, your right to sue based on the above-numbered charge will be lost.*

**Equal Pay Act (EPA):** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that* **backpay due for any violations that occurred more than 2 years (3 years)** *before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: David Davis
10/04/2023
**David Davis**
**District Director**

Enclosures(s)

cc: **Jennifer Kellogg**
**University of Kansas**
**245 Strong Hall 1450 Jayhawk Blvd**
**Lawrence, KS 66045**

**Lewis Galloway**
**LG Law LLC**
**1600 Genessee**
**Kansas City, MO 64102**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



U.S. Department of Justice

Civil Rights Division

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

October 4, 2023

**VIA EMAIL:lewis@lglawll.com**

Roy James c/o
Lewis M. Galloway, ESQ
LG Law LLC
1600 Genessee Street, Suite 918
Kansas City, MO  64102

    Re:    EEOC Charge Against:    The University of Kansas
          EEOC No.:    563-2023-03693

Dear Mr. James:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

    If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Kansas City Area Office, U.S. Equal Employment Opportunity Commission.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division


BY: *Celeste A. Adams-Simmons*
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section

Enclosures:
    Notice of Rights under the ADAAA

cc:    The University of Kansas
      EEOC- Kansas City Area Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**
- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as:  functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

3

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

4